IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KENNETH COOK<br><br>Plaintiff,<br><br>v.<br><br>TOM HERRERA<br><br>Defendant. | CIVIL ACTION<br>FILE NO. 4:24-cv-00179-RSB-CLR |

**DEFENDANT'S MOTION TO EXCLUDE**

COME NOW, Defendant Tom Herrera (collectively "Defendant") by and through his undersigned counsel, and submit this Motion to Exclude Plaintiff's untimely and improperly disclosed retained and non-retained experts in the above-styled case, and show this Honorable Court the following:

**SUMMARY OF ARGUMENT**

This matter arises from an accident that occurred on June 9, 2022, in Chatham County, Georgia, on Interstate 95. This matter involves a rear-end incident in which Defendant's truck made minor impact with the rear of Plaintiff's loaded tractor trailer when traffic was stopped by a police chase going in the wrong direction in the Parties' lane of travel. Plaintiff claims he suffered a number of injuries resulting from the motor vehicle accident giving rise to this action, including injuries to his (1) back; (2) neck; and (3) nerves. To determine whether these injuries were caused by the minor-impact motor vehicle collision, specialized medical questions require resolution. The Court's Third Amended Scheduling Order required Plaintiff to serve expert disclosures by July 21, 2025 and cautioned that further extensions would be granted only upon "extraordinary circumstances." Plaintiff failed to disclose any retained or non-retained experts prior to the Court's

deadline. Eight days after the deadline for Plaintiff to disclose experts lapsed, Plaintiff served inadequate boilerplate disclosures of fourteen non-retained treating physician experts and a retained lifecare planner expert. Under Rule 37(c)(1), exclusion is the default remedy absent a showing of substantial justification or harmlessness, and the five harmlessness factors favor exclusion here: the late, skeletal disclosures created genuine surprise; they cannot be cured without disrupting the expert schedule and motion deadlines; they concern core causation and damages issues; and Plaintiff offers no justification consistent with the substantial justification much less the extraordinary circumstances standard. The Court should exclude Plaintiff's untimely retained-expert opinions and preclude any non-retained expert opinions not disclosed timely and adequately under Rule 26(a)(2)(C).

## PROCEDURAL POSTURE

This matter arises from an automobile accident that occurred on June 9, 2022, in Chatham County, Georgia. Defendant removed this action from the State Court of Chatham County on August 14, 2024. Doc. 1. The Court entered a Scheduling Order on September 25, 2024. Doc. 11. The Court entered an Amended Scheduling Order on January 21, 2025. Doc. 15. The Court entered a Second Amended Scheduling Order on May 1, 2025. Doc. 30. The Court entered a Scheduling Order on September 25, 2025. Doc. 34. The Third Amended Scheduling Order set Plaintiff's deadline to serve expert witness reports on July 21, 2025, Defendant's expert disclosure deadline on August 19, 2025, completion of expert depositions by October 20, 2025, and the deadline for all civil motions, including Daubert, on November 21, 2025.[1] Doc. 34. To date, this Court has generously granted three extensions of the discovery period. Notably, the Court stated in the Third Amended Scheduling Order that "[t]he Court will not look favorably upon any further requests for

[1] Only the deadline to complete the Rule 30(b)(6) deposition was extended by the Third Amended Scheduling Order. All other deadlines remained the same. Doc. 34.

extension of these deadlines. In addition to the good cause showing ordinarily required, the deadlines in this Second Amended Scheduling Order will not be extended except upon a showing of extraordinary circumstances that prevent compliance. Fed. R. Civ. P. 16(b)(4). If any party seeks an extension of these deadlines or the extension of any other deadline in this case (including an extension of a deadline to respond to a motion or file any other pleading), the party should first contact all other parties and determine if the other parties join in, consent to, or oppose the request for an extension." Doc. 34. Plaintiff's counsel did not reach out to Defense counsel to extend discovery prior to Plaintiff's deadline to serve expert witness reports on July 21, 2025.

Furthermore, Plaintiff's initial Rule 26(a)(1) disclosures, served in October 2024, did not identify any retained medical causation expert and indicated that no expert had been retained at that time. Exhibit 3. On July 29, 2025, eight days after the deadline to disclose Plaintiff's experts had passed, Plaintiff sent undersigned counsel Plaintiff's First Amended Rule 26(a)(1) Initial Disclosures and Rule 26(a)(2) Expert Disclosures. Exhibit 4.

## ARGUMENT AND CITATION OF AUTHORITY

### I. Plaintiff Failed to Provide Timely Rule 26 Disclosures for His Non-Retained Treating Physician Experts and His Retained Lifecare Planner Expert, Therefore

Federal Rule of Civil Procedure 26 requires a party to disclose in its initial disclosures information including the name, address and phone number "of each individual likely to have discoverable information," plus all relevant documents. Fed. R. Civ. P. 26(a)(1)(A)(i)–(ii). "In addition to the disclosures required by Rule 26(a)(1), a party must disclose ... the identity of any [expert] witness it may use at trial," along with other expert-dependent information. *Id*. 26(a)(2)(A). A detailed written report is required "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." *Id*. 26(a)(2)(B). Expert witnesses outside this category are "not required to provide

a written report," and the disclosure must simply state the subject matter of the witness's expected testimony and "a summary of the facts and opinions to which the witness is expected to testify." *Id*. 26(a)(2)(C). "A party must make these disclosures at the times and in the sequence" the court orders. *Id*. 26(a)(2)(D). Finally, under Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) ..., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The Third Amended Scheduling Order set Plaintiff's deadline to serve expert witness reports on July 21, 2025, Defendant's expert disclosure deadline on August 19, 2025, completion of expert depositions by October 20, 2025, and the deadline for all civil motions, including Daubert, on November 21, 2025. Exhibit 1. To date, this Court has generously granted three extensions of the discovery period. Most recently, the Court extended discovery in order to allow Defendant to complete the Rule 30(b)(6) deposition of the Sherban Spine Institute in August but otherwise left expert and motion deadlines in place.[2] Notably, the Court stated in the Third Amended Scheduling Order that "[t]he Court will not look favorably upon any further requests for extension of these deadlines. In addition to the good cause showing ordinarily required, the deadlines in this Second Amended Scheduling Order will not be extended except upon a showing of **extraordinary circumstances that prevent compliance**. Fed. R. Civ. P. 16(b)(4). If any party seeks an extension of these deadlines or the extension of any other deadline in this case (including an extension of a deadline to respond to a motion or file any other pleading), the party should first contact all other parties and determine if the other parties join in, consent to, or oppose the request for an extension." Exhibit 1. Plaintiff's counsel did not reach out to Defense counsel to extend

[2] The deposition of the Sherban Spine Institute was delayed as a result of Dr. Sherban's numerous scheduling conflicts, and not as a result of any delay caused by the Defendant's counsel.

discovery prior to Plaintiff's deadline to serve expert witness reports on July 21, 2025. Instead, Plaintiff's counsel allowed 8 days to elapse before serving Plaintiff's insufficient disclosures. In Plaintiff's Discovery Dispute Letter Brief, Plaintiff's counsel states they "overlooked" the deadline to disclose experts. Exhibit 2. Clearly, simply forgetting about the disclosure deadline is not an extraordinary circumstance that prevents compliance. Therefore, Plaintiff's motion to reopen discovery or for leave to supplement his 26(a)(2)(B) and 26 (a)(2)(C) disclosures, should be denied. As a result, Plaintiff should be excluded from using any of the non-retained and retained experts' opinions on a motion, at a hearing, or at a trial.

## II. Plaintiff's Treating Physicians' Expert Testimony Must Be Excluded.

"Treating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient." *Castle-Foster v. Cintas Corporation No. 2*, 2021 WL 601877 at *10 (S.D.Ga. Feb. 16, 2021) citing *Rangel v. Anderson*, 202 F.Supp.3d 1361, 1364 (S.D.Ga. 2016).

> As the Southern District has noted, the purpose of expert disclosure generally is to allow the parties to prepare for cross-examination of the expert and to avoid sand-bagging: "Rule 26(a)(2) deters procrastination and sandbagging. Hamlett did both. It is unacceptable to make a party wait, and thus be surprised, at a deposition."

*Hamlett v. Carroll Fulmer Log. Corp.*, 176 F. Supp. 3d 1360, 1365 (S.D. Ga. 2016). Where treating physicians are not retained for litigation, only a Rule 26(a)(2)(C) disclosure is required. *Kondragunta v. Ace Doran Hauling & Rigging Co.*, 2013 WL 1189493 at *12 (N.D. Ga. Mar 21, 2013).

> Although the Eleventh Circuit has "not yet clarified what the minimum disclosure requirements of non-retained treating physicians are under Rule 26(a)(2)(C)," *Milton v. C.R. Bard, Inc.*, 2021 WL 67356, at *10 (M.D. Ga. Jan. 7, 2021), courts have held that a Rule 26(a)(2)(C) disclosure is inadequate "(1) if it merely repeats the exact same set of boilerplate language for a number of experts without giving nuance to the specificities on which each will opine, or (2) points to a large trove of facts and data with no list of subjects or summary in lieu of an official Rule

> 26(a)(2)(C) disclosure," *Andrews v. United States*, 2021 WL 7452225, at *8 (N.D. Fla. June 2, 2021) (citing *Jaworek v. Mohave Transportation Ins. Co.*, 2020 WL 3425116, at *2 (W.D. Wis. June 23, 2020)); see also *Brackett v. Nat'l Specialty Ins. Co.*, 2022 WL 2915659, at *2 (M.D. Fla. May 31, 2022) (disclosure is insufficient when it "fails to include [the witness'] specific opinions and the facts upon which he will base his opinions.").

*Klein v. Carasas*, 2022 WL 4358102 (S.D.Ga. 2022), *citing Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). *Compare*, Kondragunta, supra at 8 ("conclusory hint of the anticipated testimony" of treating physicians is insufficient."); *with*, *Jaworek*, supra at 2-3 (disclosure describing "retinal breaks in the collision, necessitating a retinal detachment surgery" and expected testimony that "the collision caused permanent bilateral sensorineural hearing loss and tinnitus" is "just barely sufficient" under Fed. R. Civ. P. 26(a)(2)(C).").

Because Plaintiff never provided timely or adequate Rule 26(a)(2)(C) for his treating physicians, all evidence related to Plaintiff's treating physicians' expert opinions must be excluded. Federal Rule of Civil Procedure 26 requires a party to disclose in its initial disclosures information including the name, address and phone number "of each individual likely to have discoverable information," plus all relevant documents. Fed. R. Civ. P. 26(a)(1)(A)(i)–(ii). "In addition to the disclosures required by Rule 26(a)(1), a party must disclose ... the identity of any [expert] witness it may use at trial," along with other expert-dependent information. *Id*. 26(a)(2)(A). A detailed written report is required "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." *Id*. 26(a)(2)(B). Expert witnesses outside this category are "not required to provide a written report," and the disclosure must simply state the subject matter of the witness's expected testimony and "a summary of the facts and opinions to which the witness is expected to testify." *Id*. 26(a)(2)(C). "A party must make these disclosures at the times and in the sequence" the court orders.

*Id*. 26(a)(2)(D). Finally, under Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) ..., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Pursuant to Rule 26(a)(2)(C), for any treating physician Plaintiff intended to call to testify Plaintiff is required to disclose: (1) the subject matter about which the witness will testify as an expert, and (2) a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26. Plaintiff has failed to properly disclose his experts.

Plaintiff's Rule (a)(2)(C) disclosures are clearly untimely, improper and do not identify the subject matter each medical provider is expected to present evidence on and a summary of the facts and opinions to which the witness is expected to testify. Plaintiff's amended disclosure lists numerous treatment providers and other non-retained witnesses, but it does not supply a statement of subject matter or a summary of the specific facts and opinions expected from each treatment provider individually. Exhibit 4. Instead, the disclosure includes generalized, boilerplate topics such as causation, reasonableness of billing, and similar matters, which are outlined in a single paragraph above the list of medical providers. See Plaintiff's Amended Disclosure below:

**<u>Non-Retained Experts/Treating Physicians and Investigating Officer Witnesses:</u>**

The following witnesses are not retained experts; however, these individuals provided medical treatment to Plaintiff, and it is anticipated they will be called at trial to testify regarding their examinations of Plaintiff, review of the relevant records, diagnostic testing, films, incident reports, statements of Plaintiff and any photographs relevant to the subject incident. These witnesses will testify that the medical treatment and related medical bills/costs provided to Plaintiff were reasonable and necessary and caused by the subject incident, that Plaintiff requires future medical treatment as a result of the subject incident (and the costs of such future care and/or treatment such as is contained in the attached life care plan), that Plaintiff has physical restrictions in the past or in the future, that Plaintiff suffered a permanent injury, impairment, and/or aggravation of a preexisting condition or latent defect within a reasonable degree of

medical probability as a result of the subject incident, that MRI/CT/X-ray films and/or diagnostic tests (EMG/NCV, etc.) demonstrated an injury/pathology/condition caused to the subject incident. The witnesses' opinions will be based on their physical examination of Plaintiff, review of Plaintiff's medical records of all relevant medical facilities which have treated Plaintiff, as well as reports of all diagnostic tests and films, police reports, incident reports, any statement of Plaintiff, defense reports, any photographs relevant to the subject incident, and the witnesses respected knowledge, training, and experience and any records disclosed during the course of discovery:

Kristin R. Schumann, DO.
And/or Custodian of Records
Baptist Health
800 Prudential Drive, Jacksonville, FL 32207

Anthony Richa, DO
And/or Custodian of Records
Baptist Health
800 Prudential Drive, Jacksonville, FL 32207Michelle Mikell, RN
And/or Custodian of Records
Baptist Health
800 Prudential Drive, Jacksonville, FL 32207

Michael Chanatry, DC
And/or Custodian of Records
Chanatry Chiropractic
2711 University Blvd, N., Jacksonville, FL 32211

Garrett Arnold, DC
And/or Custodian of Records
Chanatry Chiropractic
2711 University Blvd, N., Jacksonville, FL 32211

Taylor Dougherty, DC
And/or Custodian of Records
Chanatry Chiropractic
2711 University Blvd, N., Jacksonville, FL 32211

Matthew McClure, MD
And/or Custodian of Records
UF Health
655 West 8th Street, Jacksonville, FL 32209

Eric Lakey, MD
And/or Custodian of Records
UF Health
655 West 8th Street, Jacksonville, FL 32209

Kim Rolle, RN

And/or Custodian of Records
UF Health
655 West 8th Street, Jacksonville, FL 32209

Thomas Chu, MD
And/or Custodian of Records
Insite Radiology
10618 Deerwood Park Blvd, Ste 4, Jacksonville, FL 32256

Lindsay Burden, ARNP
And/or Custodian of Records
Spine, Brain & Joint Institute
5101 Gate Pkwy, Ste 2, Jacksonville, FL 32256

Michael Sandborn, MD
And/or Custodian of Records
Spine, Brain & Joint Institute
5101 Gate Pkwy, Ste 2, Jacksonville, FL 32256

Laurence Dunn, MD
And/or Custodian of Records
Precision Imaging Centers
7860 Gate Pkwy, Ste 123, Jacksonville, FL 32256

Ross Sherban, DO
And/or Custodian of Records
Sherban Spine Institute
9726 Touchton Rd., Ste 301, Jacksonville, FL 32246

Sherrye Kinnebrew, NP
North Florida Medical Center
And/or Custodian of Records
9250 Cypress Green Dr., Jacksonville, FL 32256
Vishal Patel, MD
And/or Custodian of Records
Reliance Primary & Urgent Care
8833 Perimeter Park Blvd, Ste 503, Jacksonville, FL 32216

Any and all future treating providers yet to be disclosed and/or identified through the course of discovery.

Exhibit 4.

Simple boilerplate language is thus exactly the sort of inadequate disclosure that was provided here. Just as in *Kodragunta,* supra:

> The reader of plaintiff's disclosure has no idea what opinion the doctor will offer or on what facts the doctor will base that opinion. Further, the fact that plaintiff provided all his medical records to the defendants does not mean that plaintiff has fulfilled the "summary of the facts and opinions" prong of Rule 26(a)(2)(C). Allowing medical records to be submitted "in lieu of a summary would invite a party to dump voluminous medical records on the opposing party, contrary to the rule's attempt to extract a 'summary." *Ballinger v. Casey's Gen. Store, Inc.*, No. 1:10–cv–1439–JMS–TAB, 2012 WL 1099823, at *4 (S.D.Ind. Mar.29, 2012) (Baker, Mag. J.).

Here, the disclosure is plainly inadequate, improper and Plaintiff has refused to supplement the disclosure. Defense counsel has brought this disclosure issue to Plaintiff's attention through numerous emails and calls. Exhibit 5. Although it is not Defendant's duty to "prosecute [Plaintiff's] case for him" Defense counsel provided Plaintiff with specific Eleventh Circuit caselaw addressing the obvious errors in Plaintiff's disclosure. *Scott v. Carnival Corp.*, No. 24-11131, 2025 WL 2402001, at *4 (11th Cir. Aug. 19, 2025).

**From:** Brian C. Barrett <bbarrett@mkblawfirm.com>
**Sent:** Wednesday, September 24, 2025 7:42 PM
**To:** Janice "Lindsey" Corbin <jcorbin@farahandfarah.com>
**Cc:** Lily Ramirez <lramirez@farahandfarah.com>; Melaina Warren <mfutch@farahandfarah.com>; Scott McMickle <swm@mkblawfirm.com>; Kimberly M. West <kwest@mkblawfirm.com>; Elenore Klingler <eklingler@mkblawfirm.com>
**Subject:** RE: Kenneth Cook / 17327 / Requesting Supplemental Expert Disclosures
**Importance:** High

Good afternoon,

I wanted to follow up on this issue. I want to reiterate that your untimely expert disclosures are deficient under Rule 26(a)(2)(C). Plaintiff's expert disclosure is broad and fails to provide us with substantive information about each expert's opinion.

We requested the supplemental disclosure by September 22nd, which has now passed. The Eleventh circuit has consistently required compliance with Rule 26(a)(2)(C) including in Worley v. Carnival Corp., No. 21-CIV-23501, 2023 WL 1840107 (S.D. Fla. Jan. 27, 2023), report and recommendation adopted, No. 21-23501-CIV, 2023 WL 3016914 (S.D. Fla. Apr. 20, 2023) and other relevant cases.

Please provide a supplemental expert disclosure by the end of business tomorrow, September 25th, so that we have adequate time to prepare for the deposition and consult with the necessary parties.

Thanks.

**Brian C. Barrett**
Associate Attorney

McMickle, Kurey & Branch, LLP | 217 Roswell Street, Suite 200 | Alpharetta, GA 30009
Phone: (678) 824-7800 | Direct: (678) 824-7875 | Fax: (678) 824-7801 | Email: bbarrett@mkblawfirm.com

Furthermore, Defendant requested supplemental disclosures repeatedly, but Plaintiff refuses to supplement the inadequate disclosures. Exhibit 5. This is an important distinction, from

cases in which Defendants fail to alert Plaintiffs to the inadequacy of their disclosures.

> The Undersigned also deems it significant that Carnival specifically flagged the deficient Rule 26 disclosure to Plaintiff's counsel in an email but Plaintiff's counsel did not provide any amendments or supplements. This is a significant distinction from cases in which the party seeking to exclude expert opinion testimony withheld its objection and did not timely seek to obtain the disclosures or more information about purportedly inadequate disclosures. *Cf. Torres v. Wal-Mart Stores East, L.P.*, 555 F. Supp. 3d 1276, 1300 (S.D. Fla. 2021) (noting that the defendant "sat on its hands and *never* moved for an order compelling a more detailed disclosure" and concluding that this failure to resolve the summary's deficiencies much earlier caused the defendant's "claimed prejudice" to "ring[ ] hollow now"); *Schleife v. Royal Caribbean Cruises, Ltd.*, No. 19-22776, 2021 WL 1723673, *5 (S.D. Fla. April 30, 2021) (denying motion to exclude two doctors' expert testimony about causation and prognosis where "the defendant ... withheld its objection until it filed a motion seeking to exclude the expert testimony").

*Worley v. Carnival Corp.*, No. 21-CIV-23501, 2023 WL 1840107, at *9 (S.D. Fla. Jan. 27, 2023), *report and recommendation adopted*, No. 21-23501-CIV, 2023 WL 3016914 (S.D. Fla. Apr. 20, 2023).

Defendant repeatedly requested supplementation in order to have adequate time to prepare for the deposition of the non-retained experts and to consult with necessary parties. Plaintiff refused to update his disclosures. Accordingly, the non-treatment testimony of Plaintiff's non-retained experts must be excluded.

Exclusion of expert testimony for improper and untimely disclosure is appropriate. Fed. R. Civ. P. 37(c)(1) states:

> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
> (1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and

> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

"Rule 37 is designed to be a strong incentive for parties to disclose information they will use as evidence at trial, at a hearing, or on a motion." *Snow v. Bellamy Mfg. & Repair*, 1995 WL 902210, at *4 (N.D.Ga.1995). "Treating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient." *Castle-Foster v. Cintas Corporation No. 2*, 2021 WL 601877 at *10 (S.D.Ga. Feb. 16, 2021) citing *Rangel v. Anderson*, 202 F.Supp.3d 1361, 1364 (S.D.Ga. 2016).

> As the Southern District has noted, the purpose of expert disclosure generally is to allow the parties to prepare for cross-examination of the expert and to avoid sand-bagging: "Rule 26(a)(2) deters procrastination and sandbagging. Hamlett did both. It is unacceptable to make a party wait, and thus be surprised, at a deposition.

*Hamlett v. Carroll Fulmer Log. Corp.*, 176 F. Supp. 3d 1360, 1365 (S.D. Ga. 2016).

Rule 37(c) provides that exclusion of undisclosed or inadequately disclosed evidence is not required if the defective disclosure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Courts weigh five factors when considering whether an insufficient disclosure is harmless:

(1) the surprise to the party against whom the evidence would be offered;

(2) the ability of that party to cure the surprise;

(3) the extent to which allowing the evidence would disrupt the trial;

(4) the importance of the evidence; and

(5) the nondisclosing party's explanation for its failure to disclose the evidence.

*See Rangel v. Anderson*, 202 F. Supp. 3d 1361, 1366 (S.D. Ga. 2016) (citing *Cambridge Univ. Press v. Becker*, 2010 WL 6067575, at *3 (N.D. Ga. Sept. 21, 2010)); *see also Abdulla v. Klosinki*, 898 F. Supp. 2d 1348, 1359 (S.D. Ga. 2012) ("The district court has broad discretion in

determining whether a violation is justified or harmless." (quotation and citation omitted)).

With respect to the first factor, Plaintiff's insufficient and untimely disclosure was not harmless. Defendants had no notice that all of Plaintiff's non-retained treatment providers would be offering causation testimony. As a result, Defendant did not know that he needed to depose any of the non-retained treatment provider experts to understand the specifics and basis of their opinions, retain a rebuttal expert to confront their opinions, or move to attack the reliability of their opinions.

Furthermore, Defendant was put on notice that Dr. Sherban may testify when Plaintiff requested Sherban's trial deposition in June. Defendant immediately requested that Plaintiff identify Dr. Sherban as a 26(a)(2)(B) or 26(a)(2)(C) expert. Exhibit 6. Plaintiff identified Sherban as a non-retained expert via email but made no additional steps to properly disclose Dr. Sherban for months. Even when Sherban was disclosed, the disclosure was completely inadequate. Despite disclosure issues being brought to the Plaintiff's attention as early as June of this year, Plaintiff has failed to provide a proper disclosure under Rule 26. Thus, Defendant was unable to prepare for the deposition of Dr. Sherban and his causation and non-treatment testimony should be excluded.

Secondly, Plaintiff has had the ability to "cure" the above surprises for over a year of discovery and was fully aware of the expert disclosure deadline. The Court made it abundantly clear to both parties that there would be no more leniency without the existence of extraordinary circumstances. Plaintiff's belated attempt to disclose numerous non-retained physician experts surprised Defendant, and that surprise cannot be cured without causing unfair prejudice to Defendants.

As for the third factor, allowing Dr. Sherban or any other experts to testify with this level of non-disclosure would be highly disruptive to the general litigation process and trial. Defendant had no notice that the non-retained experts would be offering causation opinions until receiving

Plaintiff's untimely and improper disclosures. Again, the Court made it unmistakably clear to both parties that there would be no more leniency without the existence of extraordinary circumstances. After all, "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded... Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Rangel*, 202 F. Supp. 3d 1361, 1367 (S.D. Ga. 2016) (quoting *Rogers v. Hartford Life and Acc. Ins. Co.*, 2012 WL 2395194, at *1 n. 3 (S.D.Ala. June 22, 2012)).

Fourth, the evidence is almost certainly important to Plaintiff's case, as Defendant may be entitled to directed verdict on the issue of medical causation without the expert disclosures. Under Georgia law,

> in deciding whether the plaintiff is required to come forward with expert testimony to withstand a defense motion for summary judgment, the critical question is not whether the causation element involves a "medical question" in the generic sense of the term. Rather, it is whether, in order to decide that the defendant's conduct proximately caused the plaintiff's injury, a lay jury would have to know the answers to one or more "medical questions" that, as the case law has defined that term, can be answered accurately only by witnesses with specialized expert knowledge.

*Cowart v. Widener*, 287 Ga. 622, 626, (2010). More specifically,

> the term "medical question" has been used to describe situations where the existence of a causal link between the defendant's conduct and the plaintiff's injury cannot be determined from common knowledge and experience and instead requires the assistance of experts with specialized medical knowledge.

*Id*. *Cowart* is the proper authority on this issue in diversity actions applying Georgia substantive law. *Cooper v. Marten Transport, Ltd.*, 539 Fed.Appx 963, 968 (11th Cir. 2013). In *Cooper*, the 11th Circuit provided examples of cases involving "specialized medical questions" (which require expert testimony on causation) and other injuries for which juries are permitted to infer a causal connection. Expert causation testimony is probably not necessary to find a causal link between a sharp blow to the head and death from bleeding in from the head a few hours later. *Id*. Similarly,

whether an automobile collision caused a backache later the same day is not the type of medical question that requires expert testimony. *Id*. citing *Jordan v. Smoot*, 191 Ga.App. 74 (1989).

But, this case involves extraordinary claims of neck, back, shoulder, and nerve pain, as well as, stroke like symptoms which likely mandate the resolution of specialized medical questions. These claimed injuries present "medical questions that 'can be answered accurately only by witnesses with specialized expert knowledge.'" *Cooper* at 968 citing *Cowart*. These injuries allegedly resulting from a minor-impact auto accident in which Plaintiff was driving a loaded tractor-trailer and at which time Plaintiff made no complaints of injuries at the scene and drove his vehicle from the scene require the answers to more than a few medical questions, including whether a plaintiff could suffer these injuries but be asymptomatic for days following the accident. That question, and the more general questions of whether the accident caused Plaintiff to have nerve pain and spasms likely requires expert causation testimony. The lack of expert disclosures is possibly devastating to portions of Plaintiff's case. Thus, the evidence is likely quite important.

Finally, there can be no justifiable excuse for the failure to timely or adequately disclose an expert witness in support of any one of Plaintiff's claimed injuries. In Plaintiff's Discovery Dispute Letter Brief, Plaintiff's counsel states they "overlooked" the deadline to disclose experts. Exhibit 2. Simply forgetting about the disclosure deadline clearly does not meet the justifiable excuse standard. Plaintiff and his counsel should have known he needed to provide at least some sort of expert disclosure, but none were provided within the Court's deadline.

Furthermore, Plaintiff's counsel raised inexperience with the Federal Rules as an excuse for the improper and untimely disclosure. Importantly, in Plaintiff's recent letter brief to the Court, Plaintiff's counsel reiterates their position that the clearly inadequate disclosures "adequately cover the areas of topics for the Plaintiff's treating physicians." Exhibit 2.

> It is noteworthy that [Plaintiff] is represented by counsel. To the extent the Rules Committee contemplated excusing inexperienced noncompliance with discovery rules, where the expert was not otherwise made known, it only did so for *pro se* litigants. *See id.*, Adv. Cmte.'s Note (1993) (excluding from penalties a situation involving "the lack of knowledge of a *pro se* litigant of the requirement to make disclosures," but only if the court or opposing party had not put the *pro se* party on notice of the requirement). This makes sense. "[C]ounsel are charged with knowledge of a reasonable interpretation of the law." *Booker v. Dugger*, 825 F.2d 281, 285 (11th Cir. 1987).

*Scott v. Carnival Corp.*, No. 24-11131, 2025 WL 2402001, at *4 (11th Cir. Aug. 19, 2025)

This factor therefore weighs heavily in favor of exclusion.

Defendant believes the proper course of action at this point is to exclude all non-retained experts' non-treatment testimony and to exclude Plaintiff's retained lifecare planner as a result of Plaintiff's untimely and incomplete expert disclosure. As the Southern District noted, to allow these experts to testify would be to reward either an attempt at ambush on the one hand, or—barring such an intentional strategy by Plaintiff counsel—a clear example of "the indolent and the cavalier" on the other. Litigants before this Court have responsibilities to obey its orders and follow the Rules of Procedure, and those responsibilities must be taken seriously.

## **CONCLUSION**

For the foregoing reasons, this Court should exclude Plaintiff's non-retained physician experts' non-treatment testimony, and exclude Plaintiff's retained lifecare planner expert as a result of Plaintiff's untimely and wholly insufficient expert disclosure. Defendant respectfully requests the Court grant Defendant's Motion to Exclude.

Respectfully submitted, this 7th day of November, 2025.

*[signature on following page]*

MCMICKLE, KUREY & BRANCH, LLP

*/s/ Brian C. Barrett*
SCOTT W. MCMICKLE
Georgia Bar No. 497779
BRIAN C. BARRETT
Georgia Bar No. 785187
***Attorneys for Defendant Tom Herrera***

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
swm@mkblawfirm.com
bbarrett@mkblawfirm.com

**CERTIFICATE OF SERVICE**

This is to certify that on this date I have electronically filed the foregoing **DEFENDANT'S MOTION TO EXCLUDE** via ELECTRONIC SERVICE to the following attorneys of record:

J. Lindsey Corbin, Esq.
Farah & Farah, P.A.
12016 Abercorn Street
Savannah, Georgia 31419
eservice@farahandfarah.com
***Attorney for Plaintiff***

This 7th day of November, 2025.

*/s/ Brian C. Barrett*
BRIAN C. BARRETT
For the Firm