UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KENNETH COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV424-179 |
| ) | |
| TOM HERRERA, ) | |
| ) | |
| Defendant. ) | |

# ORDER

On October 30, 2025, the Court held an informal discovery dispute conference concerning Plaintiff's retained and non-retained expert witness disclosures. Doc. 40. The Court directed the parties to file any motions related to this topic no later than November 7, 2025. *Id.* Plaintiff moves to retroactively extend his expert disclosure deadline, submit amended disclosures, and to extend the discovery schedule. Doc. 42. Defendant moves to exclude Plaintiff's expert witnesses as untimely and inadequately disclosed. Doc. 44. Defendant's opposition to Plaintiff's Motion is incorporated within its own Motion. *Id.* at 5. Plaintiff has

1

responded to Defendant's Motion to Exclude, doc. 45, and the motions are ripe for disposition. The Court turns first to Plaintiff's Motion.

The deadline for Plaintiff to disclose his experts was July 21, 2025. Doc. 34 (Third Amended Scheduling Order). Plaintiff's Rule 26(a)(2) expert disclosures were first served on July 29, 2025. Doc. 44 at 3; *see also* doc. 44-4 at 9. Defendant contends that Plaintiff's disclosures were both untimely and substantively deficient. *See generally* doc. 44. Plaintiff now moves to retroactively extend his deadline such that his original expert disclosures may be deemed timely. Doc. 42 at 3 (asking the Court to "[d]eem Plaintiff's expert disclosure submitted as of July 21st, 2025.") Additionally, Plaintiff seeks leave to file and serve his Amended Disclosures, *id.* at 1 (requesting leave "to submit these [Amended Disclosures]"), a copy of which was attached to his Motion, doc. 42-1.

District courts are required to enter a scheduling order that limits the time to complete discovery. Fed. R. Civ. P. 16(b)(1), (3)(A). A scheduling order may only be modified for good cause. Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the

extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citations and quotation marks omitted); *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end."). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

First, the Court considers whether a retroactive extension through July 29, 2025 is appropriate. Cook makes little effort to demonstrate good cause, merely stating that he is "attempting to cure any alleged defect [in his expert disclosure] with this Motion." Doc. 42 at 1. Defendant points out that this Court has previously warned that the Scheduling Order would not be extended except upon a showing of "extraordinary circumstances that prevent compliance." Doc. 44 at 1; *see also* doc. 34 at 2. In the face of this stark warning, Plaintiff's Motion is disappointingly threadbare of any explanation for why he missed the deadline to disclose his experts. *See generally* doc. 42. However, Plaintiff only missed the disclosure deadline by a matter of a few days and given the Court's "broad discretion over the management of . . . discovery and scheduling," *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234,

3

1269 (11th Cir. 2001), the Court finds a brief retroactive extension of Plaintiff's expert disclosure deadline to July 29, 2025, is proper. Plaintiff's Motion is, therefore, **GRANTED IN PART**. Doc. 42, in part. Plaintiff's deadline to disclose expert witnesses is extended *nunc pro tunc* to July 29, 2025, and Plaintiff's July 29, 2025 disclosures are considered timely.

The Court next turns to Plaintiff's request to retroactively submit amended disclosures. Doc. 42 at 1 (identifying Plaintiff's Amended Disclosure and asking the Court to "allow [Plaintiff] to submit these disclosures"); 3 (seeking "leave to file and serve his expert disclosure retroactively"). That would require a retroactive extension of approximately three months. *Compare* doc. 34 at 3 (setting July 21, 2025 deadline for Plaintiff's expert disclosures), *with* doc. 42-1 at 39 (disclosures signed November 7, 2025). While a brief extension of 8 days is justifiable under the circumstances, an additional extension through November 7, 2025 is not. Plaintiff offers no explanation to support such a lengthy retroactive extension, especially considering Defendant's submission indicates that he raised an issue with the original disclosures as early as September 9, 2025. Doc. 44-5 at 7. Even giving Plaintiff the

4

benefit of his earlier filed Motion for an Informal Discovery Dispute Conference, over a month elapsed between Defendant first raising the issue and Plaintiff notifying the Court that a discovery dispute had arisen. *See* doc. 38. There is no explanation from Plaintiff about why, in the face of continued requests from Defendant for updated disclosures, *see* doc. 44-5 at 2-4, Plaintiff did not act until, at best, October. The Court is unable to find diligence, and as indicated above, "[i]f [a] party was not diligent, the [good cause] inquiry should end." *Johnson*, 975 F.2d at 609. Plaintiff's Motion is, therefore, **DENIED IN PART**. Doc. 42, in part. The Court will not retroactively extend Plaintiff's expert disclosure deadline to permit the submission of the November 7, 2025 amended disclosures.

The Court now turns to Defendant's Motion to Exclude. Doc. 44. Plaintiff's July 29, 2025 Expert Disclosures identified Dr. Aarian Prinston Afshari as a retained expert, doc. 44-4 at 5, and 14 treating physicians and "Officer Christian Lehmann and any other investigating officers/first responders on scene" as non-retained experts, *id.* at 5-8. Defendant's Motion to Exclude contends that (1) Cook's retained life care planning expert and non-retained treating physician experts should be

5

excluded as untimely disclosed, and (2) Cook's treating physician experts should be excluded because their disclosures fail to comply with the requirements of Fed. R. Civ. P. 26(a)(2)(C). Doc. 44. The Court's retroactive extension of Plaintiff's disclosure deadline to July 29, 2025, above, renders Defendant's first argument moot. Therefore, Defendant's Motion is **DENIED, IN PART, AS MOOT**. Doc. 44 at 5. Because Defendant's sole challenge to Plaintiff's retained expert, Dr. Afshari, is based on untimeliness, he is not excluded under Rule 37.

Because Plaintiff's non-retained treating physicians are not excluded as untimely, the Court turns to Defendant's second argument regarding the sufficiency of their disclosures. The Federal Rules require disclosures for non-retained expert witnesses to state "the subject matter on which the witness is expected to present evidence . . . and . . . a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). These disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). A party has a continuing obligation to supplement its experts' reports. Fed. R. Civ. P. 26(e)(2).

The Advisory Committee for the Federal Rules has noted that Rule 26(a)(2)(C) disclosures are "considerably less extensive than the report required by Rule 26(a)(2)(B)" and admonished courts to "take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained." Fed. R. Civ. P. 26 advisory committee notes, 2010 amendments.  That said, a party must do more than "identify[] generic subject areas of anticipated testimony, without identifying the actual substance or content of the opinions on which testimony is expected." *Almonte v. United States*, 2021 WL 3418402, at *3 (S.D. Fla. Apr. 21, 2021); *see also Carideo v. Whet Travel, Inc.*, 2018 WL 1367444, at *12-13 (S.D. Fla. Mar. 16, 2018) (finding an expert disclosure "inadequate and unhelpful" when it only provides "a laundry list of every conceivable topic on which a doctor might opine on in any type of case"); *Martin v. Wal-Mart Stores East, LP*, 2020 WL 5949222, at *1-3 (S.D. Ga. Oct. 7, 2020) (finding disclosures insufficient under Rule 26(a)(2)(C) that say the doctors "will testify as to [their] medical treatment of Plaintiff, as well as causation" without saying what that opinion is).  The provision of medical records alone does not satisfy the

disclosure requirements of Rule 26(a)(2)(C). *Sweat v. United States*, 2015 WL 8270434, at *2 (M.D. Fla. Dec. 8, 2015).

Defendant argues that Plaintiff's treating physician disclosures are defective because they fail to "identify the subject matter each medical provider is expected to present evidence on and a summary of the facts and opinions to which the witness is expected to testify." Doc. 44 at 7. Specifically, Defendant takes issue with Plaintiff's Rule 26(a)(2)(C) disclosure for all 14 treating physicians being a single paragraph including "generalized, boilerplate topics such as causation, reasonableness of billing, and similar matters." *Id.* Plaintiff does not meaningfully rebut Defendant's allegation of deficient disclosures but has asserted that his disclosures are "sufficient." Doc. 42 at 2.

> Plaintiff's 26(a)(2)(C) disclosure for his treating physicians reads:
>
> The following witnesses are not retained experts; however, these individuals provided medical treatment to Plaintiff, and it is anticipated they will be called at trial to testify regarding their examinations of Plaintiff, review of the relevant records, diagnostic testing, films, incident reports, statements of Plaintiff and any photographs relevant to the subject incident. These witnesses will testify that the medical treatment and related medical bills/costs provided to Plaintiff were reasonable and necessary and caused by the subject incident, that Plaintiff requires future medical treatment as a result of the subject incident (and the costs of such future care and/or treatment such as is contained in the attached life care plan),

>that Plaintiff has physical restrictions in the past or in the future, that Plaintiff suffered a permanent injury, impairment, and/or aggravation of a preexisting condition or latent defect within a reasonable degree of medical probability as a result of the subject incident, that MRI/CT/X-ray films and/or diagnostic tests (EMG/NCV, etc.) demonstrated an injury/pathology/condition caused to the subject incident. The witnesses' opinions will be based on their physical examination of Plaintiff, review of Plaintiff's medical records of all relevant medical facilities which have treated Plaintiff, as well as reports of all diagnostic tests and films, police reports, incident reports, any statement of Plaintiff, defense reports, any photographs relevant to the subject incident, and the witnesses respected knowledge, training, and experience and any records disclosed during the course of discovery[.]

Doc. 44-4 at 5-6. Plaintiff then lists fourteen providers. *Id.* at 6.

Plaintiff's disclosure for his treating physicians is inadequate and unhelpful under even the more lenient Rule 26(a)(2)(C) standard. Nothing in Cook's disclosure distinguishes the anticipated testimony of any of his numerous treating physician's testimony from another. As in *Carideo*, Plaintiff's disclosure represents a "laundry list" of nearly every conceivable topic on which a doctor might opine in a typical case but does not summarize any specific treating doctor's actual opinion. 2018 WL 1367444, at *12-13. The disclosure is similarly broad as it pertains to the factual support for these opinions, as it lists nearly every type of evidence that a doctor might typically review and some evidence, like "police

9

reports," that is difficult to identify the relevance of. The disclosure even sweeps in "any records disclosed during the course of discovery." In short, the disclosure's reader is left with no greater clarity concerning the scope or foundation of each treating physician's testimony, and the disclosure is deficient.

Having found Plaintiff's disclosure related to his treating physicians deficient, the Court must determine whether exclusion is appropriate under Rule 37(c). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiff bears "[t]he burden of establishing that a failure to disclose was substantially justified or harmless." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006)). At the same time, "[t]he district court has broad discretion in determining whether a violation is justified or harmless" under Rule 37.

*Abdulla v. Klosinski*, 898 F. Supp. 2d 1348, 1359 (S.D. Ga. 2012) (citation omitted).

Plaintiff focuses his argument on the harmlessness of the defective disclosures. *See* doc. 45 at 2 (conceding counsel's error in disclosures was not substantially justified). Plaintiff mistakenly responds as if Dr. Sherban, one of Plaintiff's treating physician, is the sole treating physician challenged. *Compare* doc. 45 at 2 (identifying a challenge to Dr. Sherban's testimony) with doc. 44 at 6 ("Because Plaintiff never provided timely or adequate Rule 26(a)(2)(C) [disclosures] for his treating physicians, all evidence related to Plaintiff's treating physicians' expert opinions must be excluded."). Therefore, Plaintiff's harmlessness argument centers on Dr. Sherban. Doc. 45 at 2-8. Because Plaintiff failed to make any harmlessness arguments concerning the 13 treating physicians not named Sherban, *see generally* doc. 45, he has not met his burden as to those non-retained expert witnesses, so any expert testimony from them is **EXCLUDED**. The exclusion of these treating physicians as experts does not preclude them from testifying as lay witnesses about their treatment and observations of Plaintiff, but they are precluded from offering any expert opinion testimony, including

opinions about causation, prognosis, the reasonableness of medical costs, or the need or cost of future medical care.

Plaintiff does attempt to show that Dr. Sherban's defective disclosure was harmless. *See* doc. 45 at 2. Courts weigh five factors when considering whether an insufficient disclosure is harmless: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *Rangel v. Anderson*, 202 F. Supp. 3d 1361, 1366 (S.D. Ga. 2016).

The third and fourth factors support Plaintiff's harmlessness argument. The surprise to Defendant caused by Plaintiff's deficient disclosure will not disrupt trial because a trial date has not been set in this matter and this case has been stayed pending the resolution of this dispute. *See* doc. 40. And the parties agree that Plaintiff's medical causation and billing evidence is of paramount importance to his case, a fact that weighs against its exclusion. Doc. 44 at 14; doc. 45 at 6; *see, e.g.*, *Rangel*, 202 F. Supp. at 1367 ("Plaintiff has failed to establish that [his

expert's] opinions are so important that the Court should excuse her failure to provide an expert report.").

However, the first, second, and fifth factors weigh in favor of exclusion. As to the first, Plaintiff argues that he provided Defendant with Dr. Sherban's medical records, which allegedly include his opinions, preventing any surprise as to those opinions. Doc. 45 at 3. Plaintiff's provision of Dr. Sherban's medical records is insufficient to demonstrate that there was no surprise. *Cf. Worley v. Carnival Corp.*, 2023 WL 1840107, at *9-10 (S.D. Fla. Jan. 27, 2023) (finding harm in plaintiff's disclosure that merely states the physician "is expected to testify about the treatment set forth in Plaintiff's medical records."). Furthermore, Defendant points out that Plaintiff's disclosure provides "no notice that all of Plaintiff's non-retained treatment providers would be offering causation testimony," which he represents to have significantly altered his litigation strategy. Doc. 44 at 13.

Defendant will have substantial difficulty curing the surprise that resulted from Plaintiff's insufficient disclosure. This Court has previously warned that the operative Scheduling Order would not be extended except upon a showing of "extraordinary circumstances that

prevent compliance." Doc. 34 at 2. As discussed, *supra,* in denying Plaintiff's request for a lengthy retroactive extension, Plaintiff can not make the threshold showing of diligence required to justify a substantial, multiple month extension of the Third Amended Scheduling Order. Moreover, this Court's finding that Plaintiff's expert disclosure for Dr. Sherban was insufficient does not represent the sort of extraordinary circumstance required to support any further extension of the Third Amended Scheduling Order, as it has no bearing on Plaintiff's ability to comply with previously established deadlines. With the period to depose expert witnesses closed and the Court unwilling to extend discovery deadlines any further, Defendant would be precluded from curing the surprise caused by Plaintiff's deficient disclosures if they were not excluded. Last, Cook concedes that he does not have any justifiable reason for his failure to properly disclose his experts, tipping the fifth factor in Defendant's favor. Doc. 45 at 6. Considering all five factors, the Court finds that Cook has failed to demonstrate the harmlessness of his inadequate disclosure of Dr. Sherban. As such, any expert testimony from Dr. Sherban is **EXCLUDED**. As with Plaintiff's other treating physicians, Dr. Sherban may testify as to the facts concerning his

treatment and observations of Plaintiff but may not offer any expert opinions.

In summary, Plaintiff's Motion to Submit Revised Disclosure and Retroactively Apply the Court's Deadline, doc. 42, is **GRANTED**, in part, and **DENIED**, in part. Defendant's Motion to Exclude, doc. 44, is **GRANTED**, in part, and **DENIED IN PART AS MOOT**. Plaintiff's treating physicians are **EXCLUDED** from testifying as to any expert opinions. The stay that has been in place pending the disposition of this discovery dispute is **LIFTED**. All civil motions (including *Daubert* motions, but excluding motions in limine) must be filed no later than January 23, 2026.

**SO ORDERED**, this 23rd day of December, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA